UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN RAY BAXLEY, JR.,

                Plaintiff,

-vs-                                                Case No. 8:06-cv-2204-T-24EAJ

BILL BALKWELL, et al.;
SARASOTA COUNTY JAIL, et al.,

                Defendants.
_____

## **ORDER**

Pro se prisoner Plaintiff filed this 42 U.S.C. § 1983 complaint alleging violation of his civil rights. Baxley raises a plethora of complaints, but it appears that Baxley's major complaint is that he is not being served vegetarian meals. He claims that he is Hindu and does not eat meat; therefore, he must have a vegetarian meal. He also complains that he has not been given a Hindu Bible.

As relief, Baxley requests:

How can one be compensated for 5 months' of abuse and discrimination?
I have never been in a situation like this before so I leave it to the Court to
decide for me what it thinks is equitable.

Plaintiff Baxley Failed To Exhaust Administrative Remedies

On April 26, 1996, the President signed into law the Prison Litigation Reform Act which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e to read as follows:

> (a) Applicability of administrative remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement." *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir.1998); *see also Booth v. Churner*, 532 U.S. 731, 741 (2001) (finding that Congress has mandated exhaustion of administrative remedies, regardless of the relief offered through the administrative procedures). In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir.1999) (citing *Alexander*, 159 F.3d 1326).

In *Alexander v. Hawk*, [the Eleventh Circuit] noted seven important policies favoring an exhaustion of remedies requirement:

> (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that "frequent and

> deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."

159 F.3d at 1327 (quoting *Kobleur v. Group Hospitalization & Medical Services, Inc.*, 954 F.2d 705 (11th Cir.1992)). Each one of those policies is furthered by reading § 1997e(a) to require that a prisoner provide with his grievance all relevant information reasonably available to him. *Brown v. Sikes*, 212 F.3d 1205, 1208 (11th Cir.2000). Thus, in *Brown*, the Eleventh Circuit held "that 42 U.S.C. § 1997e(a) requires a prisoner to provide in his administrative grievance as much relevant information about his claims, including the identity of those directly involved in the alleged deprivations, as the prisoner reasonably can provide. It does not require him to provide information he cannot reasonably obtain[.]" *Id.* at 1210.

Because exhaustion is a pre-condition to suit and because the administrative grievance procedures are important for effectively determining how the facility has addressed the issues presented to it, it is extremely necessary and useful for Plaintiff to comply with the procedures as set forth in the instructions to the civil rights complaint form. Section III.C. of the civil rights complaint form requires Plaintiff to exhaust the administrative grievance procedures at his facility and to attach copies of the grievances, appeals, and responses to the section 1983 complaint as a verification that he has initiated and completed the grievance process.

Although Baxley alleges that he filed grievances related to his complaint, he did not attach copies of the grievances and the Court cannot determine whether he attempted to exhaust his administrative remedies.

Furthermore, Plaintiff has not even mentioned Sheriff Bill Balkwell in his complaint, other than to name him as a Defendant. Baxley is attempting to hold Sheriff Balkwell liable under the concept of *respondeat superior.* Respondeat superior, however, is not actionable in 42 U.S.C. §1983 actions. The Eleventh Circuit has stated that:

> Like municipalities, supervisors cannot be held liable for the acts of employees solely on the basis of *respondeat superior*. *McLaughlin v. City of LaGrange*, 662 F.2d l385, l388 (11thir. l98l), *cert. denied*, 456 U.S. 979, l02 S.Ct. 2249, 72 L.Ed.2d 856 (l982). Supervisory liability is not limited, however, to those incidents in which the supervisor personally participates in the deprivation. *Goodson v. City of Atlanta*, 763 F.2d l38l, l389 (11th Cir. l985); *Wilson v. Attaway*, 757 F.2d l227, l24l (11th Cir. l985); *Sims v. Adams*, 537 F.2d 829, 83l (5th Cir. l976). There must be a causal connection between the actions of the supervisory official and the alleged deprivation. *Wilson*, 757 F.2d at l24l; *Henzel v. Gerstein*, 608 F.2d 654, 658 (5th Cir. l979). This causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need for improved training or supervision, and the official fails to take corrective action. *Wilson*, 757 F.2d at l24l; *Sims*, 537 F.2d at 832.

*Fundiller v. City of Cooper City*, 777 F.2d l436, l443 (11th Cir.1985). Baxley has not met this standard.

Furthermore, the Sarasota County Jail is not an actionable legal entity because it does not have a separate legal existence independent of the county or the Sheriff's office. The jail is a detention facility under the direction and operation of the Sarasota County Sheriff. The capacity of a governmental corporation to be sued in federal court is governed by the law of the state in which the district court is located. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Florida law does not recognize a jail facility as a legal entity separate and apart from the Sheriff charged with the jail's operation and control. Therefore, Baxley's claims against the Sarasota County Jail are frivolous. *See* also *Mayes v. Elrod*, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979).

Accordingly, the Court orders:

1. That Baxley's complaint is dismissed. The Clerk is directed to enter judgment against Baxley and to close this case.

2. That Baxley is assessed the $350.00 filing fee for this complaint. The Clerk is directed to send a copy of this order to Inmate Accounting at the Sarasota County Jail.

ORDERED at Tampa, Florida, on December 20, 2006.

SUSAN C. BUCKLEW
United States District Judge

John R. Baxley, Jr.